# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NV PHARAOH,

    Plaintiff,

vs.                                                    Case No. 3:25-cv-838-MMH-PDB

NAVY FEDERAL CREDIT UNION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Plaintiff, proceeding pro se, initiated this action on July 24, 2025, by filing a Complaint for Damages and Injunctive Relief (Doc. 1; Complaint). On August 25, 2025, the Court entered an Order (Doc. 13; August 25th Order) striking the Complaint as an impermissible shotgun pleading. In the August 25th Order, the Court explained some of the rules of pleading that apply in federal court and identified problems with the Complaint as drafted. See generally August 25th Order. Specifically, the Court observed that Plaintiff appeared to assert multiple causes of action but failed to separate them into identifiable counts. See id. at 4. The Court instructed Plaintiff to file a corrected complaint and cautioned Plaintiff that failure to file a corrected complaint consistent with the Court's directives may result in the dismissal of this action. See id. at 5.

On August 27, 2025, Plaintiff filed a Final Corrected Amended Complaint (Doc. 16; Amended Complaint). Upon review, the Court finds that the Amended Complaint is due to be stricken as it still constitutes an impermissible "shotgun pleading" and does not comply with the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).[1] In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and provide Plaintiff with **one final opportunity** to file a complaint consistent with the Rules, the Local Rules, and this Court's orders. Plaintiff should carefully review this Order and the August 25th Order. Plaintiff should also consider utilizing the resources available for pro se litigants, cited below, before filing another amended complaint. Failure to comply with the pleading requirements set forth in the Court's orders **will result in the dismissal of this action without further notice**.

In the August 25th Order, the Court set forth the pleading requirements in detail. See August 25th Order at 2–5. Rather than risk redundancy and confusion by repeating those requirements here, the Court directs Plaintiff to carefully review the pleading requirements discussed in the August 25th Order.

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

While Plaintiff now labels his causes of action as identifiable counts, Plaintiff fails to provide factual allegations to support each claim. See Amended Complaint at 4. Rather, Plaintiff alleges only conclusory and vague assertions of wrongdoing. See id. As such, the Amended Complaint remains an impermissible shotgun pleading. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322 (11th Cir. 2015) (noting that a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is one form of impermissible shotgun pleading). In addition, Plaintiff's Amended Complaint fails to comply with the Local Rules. Specifically, Plaintiff fails to comply with Local Rule 1.08, which specifies requirements relating to paper size, margins, page numbering, main text, indented quotations, footnotes, typefaces, and character spacing. When drafting his second amended complaint, Plaintiff should be sure to number his pages, double space the main text of the complaint, use a typeface prescribed in Local Rule 1.08, and otherwise comply with the Local Rules.

Additionally, Plaintiff has introduced a new pleading error. Rule 10(b) directs that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." But Plaintiff fails to number any of the paragraphs in the Amended Complaint. See generally Amended Complaint.

In sum, to correct the deficiencies in his Amended Complaint, **Plaintiff must**:

1. state each allegation in a separately numbered paragraph limited to a single set of circumstances;

2. state each claim for relief in a separately identifiable count, and, in separately numbered paragraphs underneath each count, provide the relevant facts Plaintiff believes entitles him to relief in that count; and

3. comply with the Local Rules, including the typography requirements set forth in Local Rule 1.08.

The Court reiterates that, in his second amended complaint, Plaintiff must avoid the pleading deficiencies discussed above. Failure to comply with the Rules, the Local Rules, and this Court's orders **will result in dismissal of this action without further notice**.

Prior to filing his second amended complaint, the Court again encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an

appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED:**

1. Plaintiff's Final Corrected Amended Complaint (Doc. 16) is **STRICKEN**.

2. Plaintiff shall file a second amended complaint on or before **September 24, 2025**.

3. Navy Federal Credit Union's Motion to Dismiss (Doc. 17) is **DENIED** as moot.

---

[2] In preparing the second amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

4. Defendant shall respond to the second amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Pro Se Party
Counsel of Record