UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NV PHARAOH,

    Plaintiff,

vs.                                  Case No.   3:25-cv-838-MMH-PDB

NAVY FEDERAL CREDIT UNION,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, proceeding pro se, initiated this action on July 24, 2025, by filing a Complaint for Damages and Injunctive Relief (Doc. 1; Complaint). On August 25, 2025, the Court entered an Order (Doc. 13; August 25th Order) striking the Complaint as an impermissible shotgun pleading. In the August 25th Order, the Court explained some of the rules of pleading that apply in federal court and identified problems with the Complaint as drafted. See generally August 25th Order. Specifically, the Court observed that Plaintiff appeared to assert multiple causes of action but failed to separate them into identifiable counts. See id. at 4. The Court instructed Plaintiff to file a corrected complaint and cautioned Plaintiff that failure to file

a corrected complaint consistent with the Court's directives could result in the dismissal of this action. See id. at 5–6.

On August 27, 2025, Plaintiff filed a Final Corrected Amended Complaint (Doc. 16; Amended Complaint). Upon review of the Amended Complaint, the Court found that it remained an impermissible shotgun pleading. See Order (Doc. 18; September 5th Order), entered on September 5, 2025, at 2. The Court explained that, although Plaintiff labeled his causes of action as identifiable counts, Plaintiff failed to provide factual allegations to support each claim, alleged only conclusory and vague assertions of wrongdoing, failed to number his paragraphs, and failed to comply with the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See id. at 3. As such, the Court directed Plaintiff to carefully review the Court's orders and correct the deficiencies in the Amended Complaint. See id. at 2, 4. In doing so, the Court warned that failure to comply with the Federal Rules of Civil Procedure (Rule(s)), the Local Rules, and this Court's orders would result in dismissal of this action without further notice. See id. at 4.

Plaintiff filed his Second Amended Complaint on September 10, 2025. See Second Amended Complaint (Doc. 19). Upon review, the Court finds that Plaintiff still fails to comply with the Rules, the Local Rules, and this Court's orders. Specifically, Plaintiff's Second Amended Complaint remains an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's

Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. As the Court has previously explained, one such type of improper pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See id. at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. In the August 25th Order, the Court specifically advised Plaintiff to "avoid drafting a complaint in which he adopts or incorporates allegations of preceding counts, as this too constitutes a form of impermissible shotgun pleading." See August 25th Order at 4–5. Yet, Counts II, III, and IV of the Second Amended Complaint each incorporate the paragraphs of the preceding count. See Second Amended Complaint ¶¶ 25, 31, 36. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of

shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).[1]

Moreover, the Second Amended Complaint fails to comply with the Local Rules. In the Court's September 5th Order, the Court instructed Plaintiff to "number his pages, double space the main text of the complaint, use a typeface prescribed in Local Rule 1.08, and otherwise comply with the Local Rules." See September 5th Order at 3. Despite this, Plaintiff fails to number his pages and double space the main text of the Second Amended Complaint. See generally Second Amended Complaint. As such, the Second Amended Complaint fails to comply with the Local Rules and this Court's orders.

Although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "'little tolerance for shotgun pleadings.'" See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan, 800 F. App'x at 772. Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the complaint." See Arrington, 757 F. App'x at 797. Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020). Here, the Court has provided Plaintiff two chances to remedy the pleading deficiencies in his complaints, but he has failed to do so. On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff, that day has come. Despite the Court's guidance on the problems with his complaints, and multiple opportunities to fix those deficiencies, the Second Amended Complaint remains a shotgun pleading.

Accordingly, it is

**ORDERED**:

1. The claim set forth in Count IV of the Second Amended Complaint is **DISMISSED with prejudice**.

2. The state law claims set forth in Counts I, II, and III of the Second Amended Complaint are **DISMISSED without prejudice** to refiling in the appropriate state court.

3. The Clerk of the Court is directed to terminate any deadlines or pending motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 22nd day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Pro Se Party

Counsel of Record